## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOSEPH WAYNE HUNTER, #1981619,** | ) | |
| **(prior Dallas County # 13034945),** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:17-CV-1093-S-BH** |
| | ) | |
| **FELICIA PITRE, District Clerk of** | ) | |
| **Courts, et al.,** | ) | **Referred to U.S. Magistrate Judge[1]** |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

## I.  BACKGROUND

On April 25, 2017, Joseph Wayne Hunter (Plaintiff), an inmate at the Texas Department of Criminal Justice (TDCJ) Daniel Unit, filed a complaint under 42 U.S.C. § 1983 against the Dallas County Clerk of Court (Clerk), Dallas County (County), and the City of Dallas (City) (collectively Defendants).  (doc. 3 at 1, 3.)[2]  He contended that the Clerk filed a fraudulent citation that improperly identified him and connected him to a vehicular accident that occurred in Dallas, Texas, on May 11, 2013, and that the County and City failed to properly train their clerks.  (*Id.* at 3-4.) After he was granted leave to proceed *in forma pauperis* on May 26, 2017, on June 14, 2017, Plaintiff voluntarily dismissed his claims against the City. (*See* docs. 7, 10, 13.)  He subsequently sought and received leave to amend his complaint to add several defendants who were either involved in the accident or in the ensuing lawsuit. (docs. 16, 17, 26-29.)

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff's live second amended complaint, filed on July 18, 2019, alleges that on May 11, 2013, Roger L. Greer (Driver) and his passenger, Trabian K. Greer (Passenger), were traveling south on Jim Miller Road when their vehicle collided with a vehicle driven by Billy D. White. (doc. 30 at 2.) A third vehicle driven by an unlicensed driver, Kevin D. Gray (Unlicensed Driver), struck Driver's car from behind. (*Id.*) Passenger was injured, and Billy D. White (Decedent) died. (*Id.*) On May 11, 2015, the law firm of Ben Abbott & Associates filed suit on behalf of Passenger in state court against Decedent's heir, Phoebe Bowman (Heir), and Plaintiff. (*Id.*) He was served with the suit on June 4, 2015. (*Id.* at 2.) The suit alleged that Plaintiff was negligent in lending his vehicle to Unlicensed Driver. (*Id.* at 3.) Heir's attorney, Scott Prewett, then filed a cross-claim against Plaintiff for recovery of all medical and health care expenses resulting from the alleged accident, alleging that Plaintiff was the sole cause. (*Id.* at 2-3.) Plaintiff alleges that the suit was filed fraudulently by Clerk and improperly identified him because he did not own the vehicle driven by Unlicensed Driver, and that he filed a cross-claim that was not honored by the court. (*See id.*)

Plaintiff sues Passenger, Heir, the attorneys, and Clerk in her official capacity (collectively Defendants), under § 1983 for deprivation of constitutional or statutory rights, fraud, conspiracy to commit fraud, and defamation. (*Id.* at 1, 3-5; doc. 9 at 1.) He claims that "Defendants [knew] there was no substantial evidence that Plaintiff had any involvement with [Unlicensed Driver], or the vehicle he drove." (*Id.* at 4.) He alleges that Defendants defamed him and slandered his character, when they knowingly filed a false suit alleging negligent entrustment of his vehicle, as well as claiming that he "was the proximate cause or the sole cause of the [automobile] accident[.]" (*Id.* at 4.) Plaintiff alleges that because Defendants "used [Clerk] and the constable of Walker County to service Plaintiff [] with the citation[,]" there was action "under color of state law." (*See id.* at 5.) He

2

also alleges that because Clerk and the constable of Walker County were used to serve him, there "appears to be [a] conspiracy[.]" (*Id.*)

Plaintiff alleges that Defendants "are guilty of fraud" in violation of Texas Penal Code § 32.47 and § 37.10. (*Id.* at 4.) He claims that Clerk had a duty to ensure that the civil suit included the full name of the intended defendant, which would have prevented Defendants from filing "a fraudulent citation that improperly identified [him]." (*Id.* at 6.) He alleges that this would have prevented Defendants' libelous and slanderous allegations, fraud and conspiracy from being "brought upon the court." (*Id.* at 6.) He seeks monetary damages and "whatever relief [he's] entitled that the honorable court may grant." (*Id.* at 8.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because he is a prisoner, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts

3

sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff sues under § 1983. (doc. 30 at 1.) It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A.    Clerk & County

Plaintiff expressly states that he is suing Clerk in her official capacity (*see* doc. 9 at 1), but he also appears to allege claims against her in her individual capacity (*see* doc. 3 at 4), so both capacities are addressed.[3]

#### 1.    *Official Capacity*

An official capacity claim is merely another way of pleading an action against the entity of

---

[3] Courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2000) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities; the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities) (citing *Graham*, 473 U.S. at 167 n. 14); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (noting that courts generally look to the course of the proceedings to determine the nature of liability sought to be imposed when a plaintiff does not specify the capacity in which an official is sued) (quoting *Adrian*); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted).

which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's claims against Clerk in her official capacity are therefore essentially claims against her employer, County, which was also sued. *See id.; Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Graham*, 473 U.S. at 165).

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

"Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well

settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

Plaintiff does not allege an official policy or custom that resulted in a violation of his rights. (*See* docs. 8, 9.) He has therefore failed to state a claim for municipal liability, and his § 1983 claims against the Clerk in her official capacity and County should be dismissed.

## 2. *Individual Capacity*

Plaintiff alleges that Clerk knowingly and willingly filed a fraudulent case against him. (doc. 3 at 4.)

To the extent that Plaintiff sues Clerk in her individual capacity based on her performance of her official duties in filing the civil case against him, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981). They "enjoy[] only

6

qualified immunity[, however,] for those routine duties not explicitly commanded by a court decree or by the judge's instructions." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001). Accordingly, any individual capacity claim against Clerk is barred by absolute immunity. *See Andrade v. Amarillo Police Dep't*, No. 2:19-CIV-152-Z, 2020 WL 789196, at *3 (N.D. Tex. Feb. 18, 2020) (clerk was entitled to immunity because filing a case or documents is an essential task required of judicial/court clerks).

## B.    **Remaining Defendants**

Plaintiff also sues the individuals and attorneys involved in the underlying state action.

### 1.    *Limitations*

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir.1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993); *accord, Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir.2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir.2000).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U .S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th

Cir.2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' " A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414. In some cases, an injured person may not realize that a tort has been committed because of a latent injury that either is not, or cannot, be discovered until later. The cause of action does not accrue until the plaintiff discovers, or should have discovered, both the injury and its cause. *Albertson v. T.J. Stevenson*, 749 F.2d 223, 228–29 (5th Cir.1984).

Here, Plaintiff's claims accrued on the date he was served with the state lawsuit, on June 4, 2015. At the earliest, he filed this action on or about March 20, 2017; it was not received and filed until April 25, 2017.[4] (*See* doc. 3.) He did not seek leave to amend his complaint to add the defendants involved in the lawsuit until June 6, 2017, more than two years after his claims accrued; he was granted leave to amend July 3, 2017. (*See* docs. 11, 17.) His claims are therefore time-barred unless they relate back to the filing of the original complaint, or equitable tolling applies.

### a.    *Relation Back*

Rule 15 provides for the relation back of amendments filed after the expiration of the

---

[4]    *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

limitations period to the date of the original pleading where the claim asserted in the proposed amended pleading arises out of the same conduct, transaction, or occurrence. *See* Fed R. Civ. P. 15(c)(1)(A)-(C); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir.2002)

When a plaintiff attempts to add a defendant after the limitations period has run, Rule 15(c) permits the claim against the "new" defendant to relate back to the date of the original complaint under some circumstances. *See* Fed. R. Civ. P. 15(c). Plaintiff must show both that the new defendants (1) received adequate notice of the original lawsuit, and (2) they knew that, but for a mistake concerning their identity, the action would have originally been brought against them. *Jacobsen v. Osborne*, 133 F.3d 315, 319-22 (5th Cir. 1998). "Rule 15(c) is meant to 'correct a mistake concerning the identity of the party.'" *Winzer v. Kaufman County*, 916 F.3d 464, 470 (5th Cir. 2019), quoting *Jacobsen*, 133 F.3d at 321. "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Id.* (internal quotation marks omitted), quoting *Jacobsen*, 133 F. 3d at 321.

Plaintiff's original complaint only mentioned the filing of an allegedly fraudulent citation by Clerk that connected him to the May 11, 2013 accident, and his allegations focused on the alleged failure to accurately train clerks regarding their duties to screen fraudulent filings. (*See* doc. 3 at 4.) Plaintiff made no allegations concerning the remaining defendants, and he made no attempt to name them as parties to his suit, even incorrectly. His subsequent motions to amend do not allege that he did not know their identities; they were all involved in the state lawsuit against him that is the subject of this action. Because there was no mistake of identity to correct, Plaintiff's § 1983 claims against the remaining defendants do not relate back to the date of his original complaint. *See*

9

*Crostley v. Lamar County*, 717 F.3d 410, 421 (5th Cir. 2013) (finding that Rule 15(c) did not apply where the plaintiffs made no claim that there was ever any confusion regarding the new defendant's identity and clearly knew his identity as early as the original pleadings).

###### b.    Equitable Tolling

Texas's two year statute of limitations may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id*. "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir.1993) (citations omitted). If not tolled, limitations generally continue "to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir.1998).

Here, Plaintiff's complaint establishes that he knew the facts that form the basis for his claims on June 4, 2015, when he was served with the state lawsuit. He did not even seek to file his claims against the remaining defendants until after the applicable statute of limitations had expired. His filings reflect no basis for equitable tolling under Texas law.  Because Plaintiff's § 1983 claims against the remaining defendants were not filed within the two year statute of limitations, they are time-barred. *See Piotrowski*, 237 F.3d at 576; *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993) (holding that court may summarily dismiss the complaint filed *in forma pauperis*, if it is "clear" that claims asserted are barred by limitations).

##### 2.    State Action

Plaintiff alleges that the defendants' use of Clerk to file their fraudulent lawsuit was state

action taken "under color of law." (*See* doc. 30 at 5.)

In *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004), the Fifth Circuit explained that "[f]or a private citizen ... to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id*. at 420 (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam) ). The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Priester*, 354 F.3d at 420.   Allegations that are merely conclusory, without reference to specific facts, will not suffice. *Id*. (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam) ).

Here, Plaintiff alleges that because the Clerk and "the constable of Walker County [were used] to service Plaintiff [] with the citation[,]" there was action "under color of state law." (*See* doc. 30 at 5.) These conclusory allegations are insufficient to support an allegation that an agreement existed between the defendants and Clerk to commit an illegal act.  *See Guimbellot v. Rowell*, 356 F. Supp. 2d 644, 651 (E.D. La. 2004) (The conclusory allegation that the defendants acted "in concert with the state court Minute Clerk," and that the Minute Clerk "participated with and assisted" the defendants were inadequate to state a claim for conspiracy with state actors to deprive the plaintiff's of their right of due process.).  Accordingly, Plaintiff has failed to sufficiently allege that these defendants conspired with a state actor to support a finding of state action under § 1983, and his claims against them are also subject to dismissal for failure to state a claim.

## IV.  STATE LAW CLAIMS

Plaintiff also sues Defendants for conspiracy, fraud, and defamation.

Under § 1367(a), federal courts have "supplemental jurisdiction over all other claims that

are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims because they arise from the same "common nucleus of operative facts" as his federal claim. Requiring Plaintiff to litigate his claims in state court would "necessarily require consideration by two distinct courts of the same operative fact[s]" and the "same legal issues." *See McKee*, 2007 WL

12

2381246, at *4. Given Plaintiff's failure to state a claim for relief against the defendants in federal court, or otherwise show that a genuine controversy exists between the parties, allowing him to file suit in state court would impose unnecessary expenses on the court system and the parties involved. *See McCall v. Peters*, No. 3:00–CV–2247–D, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd*, 108 F. App'x 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent adjudicating the case). Because all three factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims, the Court should exercise supplemental jurisdiction and review the claims on the merits.

## A.    **Conspiracy**

To the extent that Plaintiff's allegations that Defendants conspired to commit fraud and defamation may be liberally construed as a cause of action under state law, his claim is time-barred.

"Conspiracy to commit fraud claims are subject to a two-year statute of limitations." *Taylor v. Deutche Bank AG*, No. 3:14-CV-0453-N, 2014 WL 12586180, at *7 (N.D. Tex. Nov. 24, 2014) (citing *Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). The statute of limitations for a civil conspiracy claim begins to run "when Plaintiff knew or should have known of the overt acts involved in the alleged conspiracy." *Rhine v. Deaton*, No. 3:11-CV-0698-O (BK), 2011 WL 2925057, at *3 (N.D. Tex. June 16, 2011), *adopted by* 2011 WL 2938251 (N.D. Tex. July 20, 2011) (citing *Helton v. Clements*, 832 F.3d 332, 335 (5th Cir. 1987)); *see also Leigh v. Danek Med. Inc*., 28 F. Supp. 2d 401, 406 (N.D. Tex. June 25, 1998) ("The statute of limitations [for a civil conspiracy claim] begins to run the plaintiff discovers, or with the exercise of reasonable diligence, should have discovered the nature of his injury.").

13

Here, Plaintiff generally alleges that Defendants conspired to commit fraud and defamation in filing the 2015 lawsuit against him. (*See* doc. 30 at 1.) He claims that had Clerk "told [Defendants] that they must file the citations correctly . . . [Clerk] would not have filed a fraudulent citation that improperly identified him, and it would have prevented the fraud, and conspiracy brought upon the court[.]" (*Id.* at 6.) Even giving him the most liberal construction, his earliest attempt to amend his pleadings to include his conspiracy claim was on June 6, 2017, two days after the statute had run. (*See* doc. 11.) Because Plaintiff filed his conspiracy claim outside of the two-year statute of limitations, his claim for civil conspiracy to commit fraud and defamation is time-barred. *See Taylor*, 2014 WL 12586180, at *7 (dismissing claim for civil conspiracy to commit fraud because it was barred by the two-year statute of limitations).

## B.   **Fraud**

Plaintiff alleges that Defendants and anyone who "jointly participated" in filing suit against him "are guilty of fraud." (doc. 30 at 7.)

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd., v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (per curiam) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

Here, Plaintiff generally alleges that Defendants "are guilty of fraud [] which effected [sic]

14

the conditions of the mind of Plaintiff[,]" and that fraud was committed in violation of Texas Penal Code § 32.47, securing execution of a document by deception, and §37.10, tampering with governmental records. (*See* doc. 30 at 4.) He also alleges that Clerk filed "a fraudulent citation that improperly identified him[.]" (*Id*. at 6.) Plaintiff's allegations are insufficient to meet the pleading requirements, however. He fails to plead facts to establish that Defendants made a material false representation to him upon which he relied to his detriment. Because Plaintiff fails to meet the pleading requirements for fraud, his fraud claim fails and should be dismissed.

## C.    <u>Defamation</u>

Plaintiff claims that Defendants defamed him when they knowingly filed a false suit against him in state court. (doc. 30 at 4.)

Under Texas law, "[d]efamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (citing *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.)). "Defamatory statements are 'published' if they are communicated to a third party capable of understanding their defamatory connotation and in such a way that the third party did so understand." *Crouch v. J.C Penney Corp., Inc.*, 564 F. Supp. 2d 642, 646 (E.D. Tex. 2008), *aff'd*, 337 Fed.Appx. 399 (5th Cir. 2009). "A statement is defamatory if it exposes a person to 'public hatred, contempt or ridicule, or financial injury or if it impeaches any person's honesty, integrity, virtue, or reputation.'" *Shaunfield v. Bank of Am.*, No. 3:12-CV-3859-B, 2013 WL 1846885, at *3 (N.D. Tex. Apr. 24, 2013) (citing *Double Diamond, Inc. v. Van Tyne*, 109 S.W.3d 848, 854 (Tex. App.—Dallas 2003, no pet.)); *see also* Tex. Civ. Prac. & Rem. Code § 73.001. Generally, a plaintiff who is a private individual (such as Plaintiff is in this case) must show that the

defendant acted negligently regarding the truth of the defamatory statement at the time that he published it. *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 595–96 (5th Cir. 2007) (citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). "A person must bring suit for ... libel[ or] slander ... not later than one year after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.002(a).

Here, Plaintiff raised his defamation claim for the first time on July 3, 2017, more than one year after he was served with the allegedly defamatory suit on June 4, 2015. (*See* docs. 19 at 2; 30 at 2.)  Because his claim was not filed within the one-year statute of limitations, his claim fails as a matter of law.  *See Hill v. Jacobs Eng'g Grp., Inc.*, Civ. A. No. H-10-1506, 2011 WL 2565331, at *4 (S.D. Tex. June 27, 2011) ("As a matter of law, the court should dismiss a defamation claim filed more than a year after the defamatory comments were made.") Accordingly, Plaintiff's claim for defamation should be dismissed as time-barred.

## VI. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5,

16

2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)

Here, an opportunity to amend is not warranted because Plaintiff has amended his complaint twice and submitted lengthy answers to detailed questions in response to a questionnaire, but still failed to either state a claim or asserts claims that are barred by limitations or immunity. Because it appears that he has alleged his best case, and no further opportunity to amend his claims appears warranted.

## VI.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

**SO RECOMMENDED this 16th day of April, 2020.**



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE